UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-549** |
| **ATP OIL & GAS CORPORATION** *et al.* | **SECTION: "G"(1)** |

### ORDER

Presently pending before the Court are Defendant Greystar Corporation Inc.'s ("Greystar") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)"[1] and Defendant Champion Technologies, Inc.'s ("Champion") "Motion to Dismiss."[2] Plaintiff Randy J. Comeaux has expressly declined to oppose these motions, on the basis that "the opinion of the Circuit is clear" regarding the law that governs his claims.[3] Having considered the motions, the memoranda in support, the complaint, and applicable law, the Court finds that the motions have merit, and will grant them.

In his complaint, Comeaux asserts causes of action against ATP Oil & Gas Corporation, ATP Infrastructure Partners LP, Greystar, and Champion pursuant to: (1) Section 3729(a)(2) of the False Claims Act ("FCA"); (2) Section 3729(a)(7) of the FCA; (3) Sections 1906(a) and 1908(b) of the

---

[1] Rec. Doc. 33.

[2] Rec. Doc. 35.

[3] Specifically, Comeaux stated, in full, that "[i]n reference to the exceptions filed by Greystar and Champion in this matter we have reviewed the briefs filed and the applicable law. While we do not agree with the conclusions reached by the 5th Circuit as to the law in this area, the opinion of the Circuit is clear. In light of that plaintiff will not oppose the exceptions filed by Greystar and Champion and we waive any argument in the matter. If the court needs or desires anything further from us, please advise." *See* Rec. Doc. 41-1.

Act to Prevent Pollution from Ships ("APPS"); (4) Section 311(b) of the Clean Water Act ("CWA"); (5) Section 1350(a) of Outer Continental Shelf Lands Act; and (6) Section 309(b) of the CWA.[4]

Champion, in its motion, contends that Comeaux's claims against it should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), because: (1) Comeaux's theory of FCA liability has been rejected by the Fifth Circuit;[5] (2) Comeaux has unsuccessfully asserted similar FCA claims in a previous case;[6] (3) Comeaux has not alleged that Champion made a false claim, a "reverse" false claim, or a material false statement;[7] and (4) Comeaux has failed to plead facts connecting Champion to his CWA, APPS, and OCSLA claims.[8] Champion further contends that Comeaux's environmental claims should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), because Comeaux lacks statutory standing or Article III standing to assert them.[9]

Greystar's motion makes similar arguments. First, Greystar asserts that Comeaux's CWA, APPS, and OCSLA claims against it should be dismissed for lack of subject matter jurisdiction

---

[4] Rec. Doc. 1 at pp. 18-28. Section 311(b) of the CWA is codified at 33 U.S.C. § 1321(b). Section 309(b) of the CWA is codified at 33 U.S.C. § 1319(b).

[5] Rec. Doc. 35-1 at pp. 6–7 (citing *United States ex rel. Marcy v. Rowan Cos., Inc.,* 520 F.3d 384 (5th Cir. 2008)). According to Champion, Comeaux's theory of liability is that "retained royalties that would otherwise be owed to the [G]overnment pursuant to oil and gas leases can constitute 'claims' under the FCA when lessees violate environmental statutes." Rec. Doc. 35-1 at p. 6.

[6] *Id.* at p. 6 (citing *United States ex rel. Comeaux v. W&T Offshore, Inc.*, No. 10-494, 2013 WL 4012644, (E.D. La. Aug. 6, 2013)).

[7] *Id.* at pp. 7-15.

[8] *Id.* at pp. 21-24.

[9] *Id.* at pp. 16-19.

because Comeaux has not pled that he has statutory standing or Article III standing.[10] Next, Greystar argues that Comeaux's claims against it should be dismissed for failure to state a claim upon which relief can be granted, because Comeaux: (1) did not allege that Greystar made a legally cognizable "direct" or "reverse" false claim, and has unsuccessfully alleged similar claims before;[11] (2) failed to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b);[12] (3) did not allege that Greystar violated Sections 301(a) or 311 of the CWA or that he is entitled to injunctive relief pursuant to Section 311 of that statute;[13] and (4) did not plead that he is entitled to injunctive relief pursuant to OCSLA.[14]

As noted above, Comeaux has affirmatively waived opposition to either motion. "Although failure to respond to a motion will be considered a statement of no opposition, this Court is not required to grant every unopposed motion."[15] Rather, after considering the record and the applicable law, this Court will grant unopposed motions that have merit.[16] It appears that the motions here have merit. As to Comeaux's FCA claims, Champion and Greystar note that the Fifth Circuit has rejected theories of FCA liability predicated upon (1) the mere possibility that the Government might impose

---

[10] Rec. Doc. 33-1 at pp. 10-21.

[11] *Id.* at pp. 22-30 (citing *U.S. ex rel. Comeaux v. W & T Offshore, Inc.*, No. 10-494, 2013 WL 4012644 (E.D. La. Aug. 6, 2013)).

[12] *Id.* at pp. 30-34.

[13] *Id.* at pp. 34-36.

[14] *Id.* at p. 35.

[15] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355-56 (5th Cir. 2003).

[16] *See John v. State of La (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

penalties for violation of mineral leases, or (2) a defendant's avoidance of potential fines or penalties by failing to report violations of environmental laws.[17] These theories appear to be the basis of Comeaux's FCA claims against Champion and Greystar,[18] and Comeaux, having waived opposition to the instant motion, has not provided the Court with any basis to conclude otherwise.

The pending motions also have merit to the extent that they seek dismissal of Comeaux's APPS, OCSLA, and CWA claims against Champion and Greystar. Even assuming that Comeaux has Article III standing to assert APPS, OCSLA, and CWA claims against these entities, it appears that all three statutes contain citizen-suit provisions that require potential litigants to satisfy certain notice requirements before filing claims,[19] unless the Government has already commenced an "action" in connection with the alleged violation.[20] Comeaux, having waived opposition to the

---

[17] *See U.S. ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 389–392 (5th Cir. 2008) (holding that: (1) liability under Section 3729(a)(2) of the FCA does not arise where compliance with environmental reporting obligations is not a "prerequisite to the continuation of the lease," and (2) the avoidance of fines or penalties does not support a claim pursuant to Section 3729(a)(7) of the FCA, because fines do not constitute an "obligation to pay" pursuant to the FCA, and the possibility of being held liable for fines does not arise out of any specific lease, but rather applies to "all polluters.").

[18] Rec. Doc. 1 at pp. 18-21 (asserting Section 3729(a)(2) claim in connection with ATP and Greystar's "fraudulent[] assert[ion] and certif[ication] that they are in compliance" with the terms of their leases, and alleging a Section 3729(a)(7) claim on the basis that "Defendants'" avoided having to "pay oil royalties . . . transfer oil resources, and pay civil and criminal fines" by failing to report certain discharges into the Gulf of Mexico).

[19] *See* 33 U.S.C. § 1910(b) (providing that "[n]o action may be commenced" under the APPS's citizen-suit provision "prior to 60 days after the plaintiff has given notice, in writing and under oath, to the alleged violator, the Secretary concerned or the Administrator, and the Attorney General."); 43 U.S.C. § 1349(a)(2) (stating that except where an alleged violation "constitutes an imminent threat to the public health or safety or would immediately affect a legal interest of the plaintiff," "no action may be commenced" under OCSLA's citizen-suit provision "prior to sixty days after the plaintiff has given notice of the alleged violation, in writing under oath, to the Secretary and any other appropriate Federal official, to the State in which the violation allegedly occurred or is occurring, and to any alleged violator"); 33 U.S.C. § 1365(b)(1)(A) (stating that "[n]o action may be commenced" under the CWA's citizen-suit provision "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order.").

[20] *See* 33 U.S.C. § 1910(b)(2) (providing that notice is not required where "the Secretary or the Administrator has commenced enforcement or penalty action with respect to the alleged violation and is conducting such procedures diligently."); 43 U.S.C. § 1349(a)(2)(B) (stating that "if the Attorney General has commenced and is

instant motion, has not pointed to any allegations in his complaint that address the applicable citizen-suit provisions, or support the reasonable inference that Comeaux has complied with them, insofar as those provisions relate to his claims against Champion and Greystar. Accordingly,

**IT IS ORDERED** that Greystar Corporation, Inc.'s "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)"[21] and Champion Technologies, Inc.'s "Motion to Dismiss."[22] are **GRANTED**.

**IT IS FURTHER ORDERED** that Comeaux's claims against Greystar Corporation, Inc. and Champion Technologies, Inc. are **DISMISSED WITH PREJUDICE** to the extent that Comeaux asserted claims against these Defendants on his own behalf.

**IT IS FURTHER ORDERED** that Comeaux's claims against Greystar Corporation, Inc. and Champion Technologies, Inc. are **DISMISSED WITHOUT PREJUDICE** to the extent that Comeaux asserted claims against these Defendants on the Government's behalf.

**NEW ORLEANS, LOUISIANA**, this   11th    day of May, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

diligently prosecuting a civil action in a court of the United States or a State with respect to such matter, but in any such action in a court of the United States any person having a legal interest which is or may be adversely affected may intervene as a matter of right."); 33 U.S.C. § 1365(b)(1)(B) (providing that "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.").

[21] Rec. Doc. 33.

[22] Rec. Doc. 35.